[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CONTEMPT
On September 11, 2000, the defendant filed a motion for contempt in the above-entitled matter.
The defendant, who appeared pro se, alleged that the plaintiff violated the court's orders with respect to the disposition of real and personal property as set forth in the September 10, 1997 judgment of dissolution. CT Page 13006
Specifically, the defendant claims that the plaintiff committed damage and waste to the former marital home (18 Romagna Road, Niantic, Connecticut) when she vacated the property, that she took all of the appliances from the property, and that she failed to return certain personalty to the defendant, including two firearms and his clothing.
A contested hearing on the defendant's contempt motion was held before this court in Norwich on October 18, 2000. The defendant represented himself and testified at hearing. The plaintiff, who appeared with counsel, also testified.
 Factual Findings
With respect to the allegation that the plaintiff damaged 18 Romagna Road, the court finds that the following facts were proven by a preponderance of the evidence and/or established in the court record:
The parties' separation agreement provided that the plaintiff would quitclaim her interest in the marital home to the defendant. Per the agreement, the plaintiff and the parties' minor children had the right to reside at 18 Romagna Road until November 1, 1997. The separation agreement stated:
 "The wife understands that she shall not commit any damage or waste on said residence and shall transfer the same on the condition it is currently in as of the date of dissolution." (Separation Agreement, p. 4.)
The separation agreement noted that its provisions would be made part of the judgment of the court. The clerk's notes of the dissolution hearing, which are contained in the court's file, confirm that the provisions regarding the transfer of the real estate and the plaintiff's use of the property until November 1, 1997 were ordered by the court on the date of judgment.
The plaintiff moved out of 18 Romagna Road on November 24, 1997.
The defendant offered photographs at the hearing in support of his claim that the plaintiff damaged the premises. (Defendant's Exhibit 1.) The defendant maintained that he expended $2,700.00 to repair damaged sheet rock, and for painting and cleaning the premises. He alleges that he paid the sum with three business checks from his company. The checks were not introduced into evidence.
The defendant also alleged in his motion for contempt that the CT Page 13007 plaintiff removed "all appliances" when she vacated the home. At the hearing, however, the defendant did not offer evidence as to the specific appliances which were allegedly removed, or their value or replacement cost.
The plaintiff's testimony was the complete opposite of that offered by the defendant. She testified that she left the house clean and did not commit waste or remove the appliances.
The photographs offered as Defendant's Exhibit 1, show damaged pieces of furniture and items of clothing strewn about various rooms of the house. (Defendant's Exhibit 1.) The photographs did not appear to reveal structural damage or other significant damage to the premises. Although the defendant claimed to have expended $2,700 for repairs and cleaning, the court was not provided with a specific itemization of what it cost him to remove the debris which he found at 18 Romagna Road.
Based on its review of the evidence and testimony offered by the defendant, the court finds that the defendant did not prove that the plaintiff willfully and contemptuously committed waste or damage at 18 Romagna Road or removed the appliances therefrom.
Although the photographs in Defendant's Exhibit 1 depict debris and discarded furniture and clothing, the defendant did not prove at hearing by a preponderance of the evidence that plaintiff caused that condition. He also failed to establish by a preponderance of the evidence the condition existing at 18 Romagna Road on the date of dissolution (September 10, 1997).
Accordingly, the court does not find by a preponderance of the evidence that the plaintiff contemptuously failed to transfer the subject property to the defendant in the same condition it was in on the date of dissolution, as required by the separation agreement and the judgment.
The defendant's other claim of contempt revolves around the plaintiff's alleged failure to return two firearms, items of clothing and other personal belongings.
The defendant contends that the plaintiff did not return a 12-gauge Winchester shotgun and .25 caliber Beretta pistol to him in willful defiance of the court's order.
The court has reviewed the language of the parties' separation agreement which pertains to those weapons. The document states:
 "The wife shall inform the husband where a Beretta 25 CT Page 13008 and a Winchester 12-gauge shotgun are located."
The forgoing language was handwritten onto the parties' typed separation agreement. The sentence was originally written to read: ". . . wife shall return to the husband a Beretta 25 and Winchester 12-gauge shotgun." The words ". . . return to the husband . . ." were lined out, and the language indicated above was substituted.
The plaintiff testified that she left the guns at 18 Romagna Road at the time she vacated.
The separation agreement also noted that each party would retain the personal property in his or her possession. With the exception of the pistol and shotgun referred to above, the document gives no indication that there was any other dispute as to the disposition of personal belongings at the time of dissolution.
The court notes that the defendant's contempt motion was filed approximately two years and 11 months after the dissolution judgment entered.
That judgment required the plaintiff to "inform" the defendant where the firearms were located. The court cannot find the plaintiff in contempt for failing to "return the pistol and shotgun" when the language of the judgment did not specifically require her to do so. Furthermore, the defendant did not prove by a preponderance of the evidence that the plaintiff took the firearms in question or wrongfully appropriated them to herself.
The court does not find that the plaintiff proved by a preponderance of the evidence that the plaintiff violated the court's order by withholding or failing to return other personal belongings or clothing. The language of the separation agreement signed by the parties at the time of dissolution casts doubt on this post-judgment personalty dispute.
The court finds that the defendant has failed to prove by a preponderance of the evidence any of the allegations set forth in his September 11, 2000 motion for contempt. Accordingly, that motion is DENIED.
BY THE COURT:
Dyer, J.
 SKORENSKI DUGGAN v. SKORENSKI, No. 536056 (Oct. 27, 2000) DOROTHY SKORENSKI DUGGAN v. LOUIS H. SKORENSKI. No. 536056 Superior Court Judicial District of New London at New London. October 27, 2000
 AMENDMENT TO MEMORANDUM OF DECISION DATED OCTOBER 26, 2000
DYER, JUDGE.
Page 5 of the above-mentioned decision is replaced as follows:
The last paragraph on page 5, first line should read: "The court does not find that the defendant proved by a preponderance of the evidence
Accordingly, please replace the enclosed page to correct said error.
BY THE COURT:
Dyer, J.
The sentence was originally written to read: ". . . wife shall return to the husband a Beretta 25 and Winchester 12-gauge shotgun." The words ". . . return to the husband . . ." were lined out, and the language indicated above was substituted.
The plaintiff testified that she left the guns at 18 Romagna Road at the time she vacated.
The separation agreement also noted that each party would retain the personal property in his or her possession. With the exception of the pistol and shotgun referred to above, the document gives no indication that there was any other dispute as to the disposition of personal belongings at the time of dissolution.
The court notes that the defendant's contempt motion was filed approximately two years and 11 months after the dissolution judgment entered.
That judgment required the plaintiff to "inform" the defendant where the firearms were located. The court cannot find the plaintiff in contempt for failing to "return the pistol and shotgun" when the language of the judgment did not specifically require her to do so. Furthermore, the defendant did not prove by a preponderance of the evidence that the plaintiff took the firearms in question or wrongfully appropriated them to herself.
The court does not find that the defendant proved by a preponderance of the evidence that the plaintiff violated the court's order by withholding or failing to return other personal belongings or clothing. The language of the separation agreement signed by the parties at the
 Page 5